IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| EXCEL PHARMACY SERVICES, LLC, Individually and on behalf of all others similarly situated | |
|---|---|
| Plaintiff, | CIVIL ACTION NO. 18-4804 |
| v. | |
| LIBERTY MUTUAL INSURANCE COMPANY, *et al.* | |
| Defendant. | |

## MEMORANDUM OPINION

Rufe, J.                                                                                                                                                                                     July 17, 2019

Plaintiff Excel Pharmacy Services, LLC ("Excel"), acting on behalf of a proposed class, filed this action in the Philadelphia Court of Common Pleas against Defendants Liberty Mutual Insurance Company and related entities (collectively "Liberty Mutual"). Excel alleges that Defendants engaged in a systemic, years-long pattern of conduct in violation of the Pennsylvania Workers' Compensation Act ("WCA")[1] and Unfair Insurance Practices Act ("UIPA")[2] by refusing to reimburse Excel and the members of the class for prescribed pharmaceuticals dispensed to patients. Excel seeks a declaratory judgment that these actions violated the WCA and UIPA.

Liberty Mutual removed the action to this Court. Excel now moves to remand the case, arguing that this Court lacks subject matter jurisdiction over this case because: (1) the amount in controversy cannot be established, and (2) even if an amount in controversy can be established,

---

[1] 77 Pa. Cons. Stat. §§ 1-2710.

[2] 40 Pa. Cons. Stat. §§ 1-4609.

the Court should exercise its discretion and decline to hear the case. For the following reasons, the Court will deny the motion to remand and retain jurisdiction.

## I.   LEGAL STANDARD

28 U.S.C. § 1441(a) allows a defendant to remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."[3] The defendant seeking removal must file a notice of removal with the district court within 30 days of service of the complaint.[4] Under the Class Action Fairness Act ("CAFA"), a proposed class action "may be removed by any defendant without the consent of all defendants" and "without regard to whether any defendant is a citizen of the state in which the action is brought."[5] The federal court has jurisdiction over such cases when the amount in controversy exceeds five million dollars excluding interest and costs, any member of the class of plaintiffs is a citizen of a different state from any defendant, and there are at least 100 members of the class.[6] For purposes of the CAFA jurisdictional threshold, "the claims of the individual class members shall be aggregated."[7]

"The defendants bear the burden of establishing removal jurisdiction and compliance with all pertinent procedural requirements."[8] "Because federal courts are courts of limited jurisdiction, the federal removal statutes are to be strictly construed."[9] "[A]ll doubts should be resolved in favor of remand."[10] Once a defendant has removed an action, 28 U.S.C. § 1447

---

[3] 28 U.S.C. § 1441(a).

[4] 28 U.S.C. §§ 1446(a), (b).

[5] 28 U.S.C. § 1453(b).

[6] 28 U.S.C. §§ 1332(d)(2)(A), (d)(5)(B), (d)(6).

[7] 28 U.S.C. § 1332(d)(6).

[8] *Ramos v. Quien*, 631 F. Supp. 2d 601, 606 (E.D. Pa. 2008) (citations omitted).

[9] *Dixon v. Allstate Ins. Co.*, no. 17-532, 2017 WL 1150641, at *1 (E.D. Pa. Mar. 27, 2017) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100.108–09 (1941)).

[10] *In re Briscoe*, 448 F.3d 201, 217 (3d Cir. 2006).

authorizes a plaintiff to seek remand to state court. "A district court can remand a case for lack of subject matter jurisdiction or for a defect in the removal procedure."[11] A motion for remand premised on lack of subject matter jurisdiction can be made at any time before final judgment.[12]

## II. DISCUSSION

### A. Amount in Controversy

The parties disagree as to the applicable standard for determining the amount in controversy. Excel relies on the decision in *Dart Cherokee Basin Operating Co. LLC v. Owens*, in which the Supreme Court held that when a defendant invokes federal jurisdiction and the plaintiff challenges the amount in controversy, "both sides submit proof and the court decides by a preponderance of the evidence, whether the amount in controversy requirement has been satisfied."[13] Liberty Mutual, citing the Third Circuit's decision in *Frederico v. Home Depot*, argues that Excel must show, to a legal certainty, that it cannot recover the requisite amount in controversy because the relevant facts for establishing the amount in controversy are not in dispute, such as where the defendant relies on the facts alleged in the plaintiff's complaint to establish the amount in controversy.[14] Here, Excel does not dispute that millions of dollars are at stake, but argues that it seeks no monetary relief, only a declaratory judgment.[15]

Under either standard, remand is unwarranted. First, Liberty Mutual has produced evidence, not disputed by Excel, that it declined to pay Excel more than $60,000 for prescriptions dispensed at the rates that Excel alleges are mandated by Pennsylvania law.[16]

---

[11] *Dixon*, 207 WL 1150641, at *1 (citing *PAS v. Travelers Ins. Co.*, 7 F.3d 349, 352 (3d Cir. 1993)).
[12] 28 U.S.C. § 1447(c).
[13] 135 S. Ct. 547, 554 (2014).
[14] 507 F.3d 188, 198 (3d Cir. 2007).
[15] Mot. to Remand [Doc. No. 19-2] at 4.
[16] Exh. A. [Doc. No. 27-1].

Liberty Mutual also produced evidence that it declined to reimburse 28 potential class members more than three million dollars. The proposed class comprises some 2,000 members, and thus by any reasonable calculation the amount in controversy exceeds five million dollars.[17] Liberty Mutual has shown by a preponderance of the evidence that the CAFA jurisdictional threshold has been met.

Second, Plaintiff cannot prove to a legal certainty that the amount in controversy is less than five million dollars. Plaintiff alleges in the Complaint that "Liberty Mutual is currently in arrears to Excel and the Class *several million dollars* in outstanding claim reimbursements."[18] Although Excel argues that only declaratory relief is sought, a declaratory judgment in favor of the proposed class would presumably have the effect of requiring Defendants to reimburse the class members indefinitely at higher rates than have been paid in the past. Therefore, Excel cannot show that the value of the object of the litigation is less than five million dollars.[19]

### B. Exercise of Discretion

Plaintiff argues in the alternative that the Court should exercise its discretion under the Declaratory Judgment Act to decline jurisdiction.[20] This course of action may be appropriate if there is a parallel state proceeding, with a "substantial similarity in issues and parties."[21] "'Substantial similarity' only means that the parties involved are closely related and that the

---

[17] $60,000 multiplied by the 2000 potential class members would be $120 million.

[18] Compl. [Doc. No 1-2] ¶ 18 (emphasis added).

[19] *See Hunt v. Washington State Apple Advert. Comm'n*, 432 U.S. 333, 347 (1977) ("In actions seeking declaratory or injunctive relief,…the amount in controversy is measured by the value of the object of the litigation."); *In re Corestates Trust Fee Litig.*, 39 F.3d 61, 65 (3d Cir. 1994) ("the amount in controversy is measured by the value of the right sought to be protected by the equitable relief").

[20] *Kelly v. Maxum Specialty Ins. Grp.*, 868 F.3d 274, 282 (3d Cir. 2017).

[21] *Id.* at 284; *Reifer v. Westport Ins. Corp.*, 751 F.3d 129, 134 (3d Cir. 2014) (citing *State Auto Ins. Cos. v. Summy*, 234 F.3d 131, 136 (3d Cir. 2000)).

resolution of an issue in one will necessarily settle the matter in the other."[22] Excel argues that Liberty Mutual filed an action in state court that is substantially similar in issues and parties to the present case. In November 2017, Liberty Mutual filed an action in the Philadelphia Court of Common Pleas against pharmacies, pharmacists, and doctors alleging a conspiracy to defraud Liberty Mutual out of almost four million dollars.[23] The complaint alleges that the parties "participated in illegal, collusive relationships in which licensed physicians prescribed Fraudulent Compounded Creams in exchange for unlawful kickbacks."[24]

Excel offers no explanation as to how resolution of the alleged fraud claim in state court will settle the matter of whether Liberty Mutual properly reimbursed Excel or other potential class members for prescribed medications. It may be correct, as Plaintiff contends, that some of the defendants in the state case may become class members to this case and that Defendants may use a finding of fraud in the state case as an affirmative defense in this case.[25] However, the Court is required to compare the cases "as they contemporaneously exist, not as they might eventually be."[26] As the cases exist now, there is no substantial similarity between them. This case concerns the proper rates for reimbursement, which is not part of the state court proceedings. Therefore, the two cases cannot be deemed parallel proceedings.

In the absence of a pending parallel state proceeding, it may be appropriate to decline to exercise jurisdiction if the state law at issue is "uncertain or undetermined," which "requires district courts to 'step back' and be 'particularly reluctant' to exercise DJA jurisdiction."[27] In

---

[22] *Kelly*, 868 F.3d at 284 n.8.

[23] Exh. A [Doc. No. 26] ¶ 2.

[24] Exh. A [Doc. No. 26] ¶ 33.

[25] Reply Mem. in Supp. of Mot. to Remand. [Doc. No. 30] at 7.

[26] *Kelly*, 868 F.3d at 284.

[27] *Reifer*, 751 F.3d at 148 (citing *Summy*, 234 F.3d at 135–36).

determining whether to decline jurisdiction, the Court should consider a number of factors, including "the likelihood that a federal court declaration will resolve the uncertainty of obligation which gave rise to the controversy;" the convenience of the parties, the public interest; the availability of other remedies; avoidance of duplicative litigation; and "prevention of the use of the declaratory action as a method of procedural fencing."[28]

These factors are not met in this case. As a general matter, federal courts are "perfectly capable of applying state law."[29] This is not case where a decision by the federal court could result in "a potentially unintended and unforeseen consequence arising" from a conflict between the Pennsylvania Rules of Professional Conduct and Pennsylvania insurance law.[30] Excel has not established that questions of the application of the WCA and UIPA in a particular case are "peculiarly within the purview of the state's highest court" and therefore unsuitable for determination by this Court.[31] Nor has Excel shown that other factors favor resolution of the case in state court.

### III. CONCLUSION

As diversity jurisdiction exists, and the case is properly heard in this Court, the motion to remand will be denied. An appropriate order will be entered.

---

[28] *Reifer*, 751 F.3d at 146.

[29] *Id.* at 149.

[30] *Id.*

[31] Mot. to Remand [Doc. No. 19-2] at 10.

6