# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EXCEL PHARMACY SERVICES, LLC, Individually and on behalf of all others similarly situated<br>          **Plaintiff,**<br>    v.<br>**LIBERTY MUTUAL INSURANCE COMPANY,** *et al.*<br>          **Defendants.** | CIVIL ACTION NO. 18-4804 |

## MEMORANDUM OPINION

**Rufe, J.**                                                                                                   **September 12, 2019**

Plaintiff Excel Pharmacy Services, LLC ("Excel"), acting on behalf of a proposed class, filed this action in the Philadelphia Court of Common Pleas against Defendants Liberty Mutual Insurance Company and related entities (collectively "Liberty Mutual"). Defendants removed the action to this Court. Excel alleges that Liberty Mutual engaged in a systemic, years-long pattern of conduct in violation of the Pennsylvania Workers' Compensation Act ("WCA")[1] and Unfair Insurance Practices Act ("UIPA")[2] by refusing to reimburse Excel and the members of the proposed class for prescribed pharmaceuticals dispensed to injured workers. Excel seeks a declaratory judgment that these actions violated the WCA and UIPA, injunctive relief, and an accounting. Moving Defendants seek dismissal of the action, arguing that WCA claims must be pursued under the administrative process set forth in the statute and that there is no private right of action under the UIPA.[3]

---

[1] 77 Pa. C. S. §§ 1–2710.

[2] 40 Pa. C.S. §§ 1171.1–1171.15.

[3] Moving Defendants are Liberty Mutual Insurance Company; Liberty Mutual Group, Inc.; Liberty Insurance Corporation; Liberty Mutual Fire Insurance Company; LM Insurance Corporation; Employers Insurance Company

I.   **LEGAL STANDARD**

Under Federal Rule of Civil Procedure 12(b)(6), dismissal of a complaint for failure to state a claim upon which relief can be granted is appropriate where a plaintiff's "plain statement" lacks enough substance to demonstrate that he is entitled to relief."[4] In determining whether a motion to dismiss should be granted, the court must consider only those facts alleged in the complaint, accepting the allegations as true and drawing all logical inferences in favor of the non-moving party.[5] Courts are not, however, bound to accept as true legal conclusions framed as factual allegations.[6] Something more than a mere *possibility* of a claim must be alleged; a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."[7] The complaint must set forth "direct or inferential allegations respecting all the material elements necessary to sustain recovery under *some* viable legal theory."[8]

II.  **DISCUSSION**

   A. **Count I: The WCA**

In Pennsylvania, "[t]he work[er]'s compensation system encompasses all disputes over coverage and the payment of benefits, whether they arise from actions taken by the employer, the employer's insurance carrier, or the insurance carrier's employees or agents."[9] The statute and

---

of Wausau; and Peerless Insurance Company. Plaintiff earlier voluntarily dismissed without prejudice Defendants Safeco Insurance Company of Illinois; Consolidated Insurance Company; Liberty Northwest Insurance Corporation; Colorado Casualty Insurance Company; Peerless Indemnity Insurance Company; Excelsior Insurance Company; and American States Insurance Company, after these Defendants filed a motion to dismiss for lack of personal jurisdiction.

[4] *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 557 (2007).

[5] *ALA, Inc. v. CCAIR, Inc.*, 29 F.3d 855, 859 (3d Cir. 1994); *Fay v. Muhlenberg Coll.*, No. 07-4516, 2008 WL 205227, at *2 (E.D. Pa. Jan. 24, 2008).

[6] *Twombly*, 550 U.S. at 555, 564.

[7] *Id.* at 570.

[8] *Id.* at 562 (internal quotation marks and citations omitted).

[9] *Alston v. St. Paul Ins. Cos.*, 612 A.2d 421, 424 (Pa. 1992).

2

accompanying regulations set forth the procedures to be followed when a medical provider disputes the amount or timeliness of payment from an insurer. An application for fee review is filed with the Pennsylvania Department of Labor & Industry, Bureau of Workers' Compensation (the "Bureau"), which renders a decision within 30 days.[10] An adverse ruling may be contested and is assigned to a hearing officer for a *de novo* review; that decision then may be appealed to Pennsylvania Commonwealth Court.[11]

Excel alleges in the Complaint that it "has submitted a myriad of petitions for Fee Review to the [Bureau] in connection with these disputes" but that "even when a Hearing Officer has ordered reimbursement," Liberty Mutual has refused to pay and "is improperly utilizing the administrative process to delay payment" to Excel, causing Excel to incur additional costs.[12] It seeks to represent a proposed class of providers that "were denied proper reimbursement in whole or in part by Defendants, contrary to the WCA and/or its applicable regulations."[13]

It is undisputed that under Pennsylvania law, the question of whether or not reimbursement is proper is reserved to the Bureau. However, Excel alleges that its claims "are not properly within the jurisdiction of these [*sic*] WCA's processes."[14] This argument appears to rest on Excel's allegation that Liberty's actions "raise significant questions regarding the continued validity of the WCA's statutory framework (*i.e.*, if [Defendants are] able to violate the WCA with repeated impunity, the enforcement mechanisms in the WCA would be rendered

---

[10] 77 Pa. C.S. § 531(5); 34 Pa. Code §§ 127.251–127.261.

[11] *Id.*

[12] Compl. ¶ 17

[13] *Id.* ¶ 25.

[14] *Id.* at n.13 (citing *Ruszin v. Comm., Dep't of Labor & Indus., Bureau of Workers' Comp.*, 675 A.2d 366, 370 (Pa. Super. Ct. 1996)).

3

futile)."[15] Thus, Excel argues that it should be able to challenge Liberty Mutual's actions away from the administrative process.

"The doctrine of exhaustion of administrative remedies is intended to prevent the premature interruption of the administrative process, which would restrict the agency's opportunity to develop an adequate factual record, limit the agency in the exercise of its expertise, and impede the development of a cohesive body of law in that area."[16] Exhaustion is not required where the plaintiff challenges the jurisdiction of an agency, the constitutionality or validity of a statutory scheme, or where legal or equitable remedies are unavailable or inadequate or the agency cannot provide the requested relief.[17] Here, Excel does not challenge the constitutionality of the WCA, nor does it seek a judgment that the WCA is unenforceable through the process established in the statute, and in any event such an action presumably would have to be brought against the Commonwealth, not against Liberty Mutual.[18] In addition, Plaintiff has not alleged that the administrative agency cannot provide the requested relief; indeed, Excel alleges that the Bureau has ordered Liberty Mutual to provide reimbursement in various cases, and Excel may seek enforcement of such orders through the appropriate state-law mechanism.

The declaratory judgment sought by Excel would require this Court to engage in a detailed factual evaluation of the prescriptions written, the appropriate reimbursement level, and the amounts paid by Liberty Mutual, in addition to the processes employed by Liberty Mutual. Because these factual determinations under the WCA have been reserved to the Bureau and the

---

[15] *Id.* ¶ 23.

[16] *Keystone ReLeaf LLC v. Pa. Dep't of Health*, 186 A.3d 505, 513 (Pa. Commw. Ct. 2018) (citations omitted).

[17] *Id*. at 513–4.

[18] *See, e.g., Ruszin*, 675 A.2d at 370–71 (ruling on a constitutional challenge to the procedures of a governmental body).

4

statutory process must be followed, there is no independent basis by which this Court may assert jurisdiction over such claims.[19]

**B. Count II: The UIPA**

The UIPA prohibits any unfair methods of competition or unfair or deceptive acts or practices in the business of insurance.[20] The statutory provisions are enforced by the Pennsylvania Insurance Commissioner who is empowered to investigate whether the UIPA has been violated, and to hold hearings and impose sanctions as warranted, as well as to seek civil penalties.[21] The UIPA does not create a private right of action, but does not preclude common law claims for fraud or for violations of the consumer protection laws.[22]

The Complaint seeks a declaration that Liberty Mutual has violated the UIPA in 11 different ways, including failing to effectuate prompt and equitable settlements of claims, failing to affirm or deny coverage within a reasonable time period, and falsely claiming that the pharmaceutical products dispensed are not appropriately prescribed or reimbursable under the

---

[19] *Chubb Grp. of Ins. Cos. v. Dep't of Labor & Indus., Bureau of Worker's Comp.*, 655 A.2d 205, 206 (Pa. Commw. Ct. 1995) (holding that "judicial review without either a proper record or an administrative adjudication constitutes a premature interruption of the administrative process."). Excel points to an action that Liberty Mutual has filed in Pennsylvania state court alleging that certain pharmacists submitted fraudulent claims for pharmaceutical products and asserting claims of common-law fraud, unjust enrichment, and violations of several statutes, including those prohibiting insurance fraud, workers' compensation fraud, and self-referrals. Compl. Ex. A [Doc. No. 1-2]. Excel is not a party to that action, but argues that if Liberty Mutual can pursue such an action outside of the WCA, it should be able to bring this case. This Court can only rule on the case before it, which asserts only claims under the WCA and UIPA, not common-law claims of fraud or unjust enrichment, and it notes that the Philadelphia Court of Common Pleas dismissed the claims brought under the Workers' Compensation Insurance Fraud Statute and the statute governing self-referrals. *See Liberty Mut. Grp., Inc. v. 700 Pharmacy, LLC*, September Term 2017 No. 1541 Doc. No. 165 (Phila. Ct. Com. Pleas Mar. 19, 2018).

[20] 40 Pa. C.S. § 1171.2.

[21] *Jones v. Nationwide Prop. & Cas. Ins.*, 995 A.2d 1233, 1236 (Pa. Super. Ct. 2010).

[22] *Id. See also D'Ambrosio v. Pa. Nat. Mut. Cas. Ins. Co.*, 431 A.2d 966, 969 (Pa. 1981). In *D'Ambrosio*, the Pennsylvania Supreme Court held that the UIPA is enforced by the Insurance Commissioner of Pennsylvania, and stated that was for the legislature to determine whether additional sanctions should be available. Pennsylvania later enacted 42 Pa. C.S. § 8371, which permits an insured under a policy to pursue a claim of bad faith against the insurer. *See Rancosky v. Washington Nat'l Ins. Co.*, 170 A.3d 364, 371 (Pa. 2017). Conduct that violates the UIPA may be considered in determining whether an insurer acted in bad faith under this statute. *Jones*, 431 A.2d at 1236–37.

WCA.²³ "Allowing [Excel] to proceed in a declaratory judgment action with the [UIPA] as the source of the underlying substantive law is tantamount to allowing a private cause of action."²⁴ The claims under the UIPA cannot be independently decided as a declaratory judgment.

### C. The Declaratory Judgment Act

Although the Court dismisses the case because Excel cannot state a claim under the WCA or the UIPA, it is worth noting that dismissal is consistent with the purposes of the Declaratory Judgment Act.²⁵ A declaratory judgment may be issued only where the constitutional standing requirements of a justiciable controversy are satisfied.²⁶ The Third Circuit applies a three-part test that considers the adversity of interest of the parties, the conclusiveness of any judgment, and the practical help or utility of that judgment.²⁷ Although the parties have not disputed that the dispute is ripe for adjudication, the Court notes it is doubtful that a declaratory judgment would be of utility to the parties. Excel argues vaguely that if one were granted then it "may be entitled to 'further relief.'"²⁸ However, enforcement of the WCA and the UIPA are entrusted to the Bureau and the Insurance Commissioner, respectively, and even if the Court entered a declaration that Liberty Mutual's conduct violates the WCA and the UIPA, claims for reimbursement still would have to be determined by the Bureau. In other words, the declaratory judgment Excel seeks "does not constitute a real and substantial controversy admitting of

---

²³ Compl. ¶ 40.

²⁴ *Williams v. Nat'l Sch. of Health Tech., Inc.*, 836 F. supp. 273, 281 (E.D. Pa. 1993), *aff'd*, 37 F.3d 1491 (3d Cir. 1994).

²⁵ The Act provides that "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). Federal Rule of Civil Procedure 57, also provides that "[t]he existence of another adequate remedy does not preclude a declaratory judgment that is otherwise appropriate."

²⁶ *St. Thomas–St. John Hotel & Tourism Assoc., Inc. v. Gov't of United States Virgin Islands*, 218 F.3d 232, 240 (3d Cir. 2000).

²⁷ *Step–Saver Data Sys., Inc. v. Wyse Tech.*, 912 F.2d 643, 647 (3d Cir. 1990).

²⁸ Pl.'s Mem. Opp. [Doc. No. 39] at 7 (citing 28 U.S.C. § 2201).

specific relief through a decree of a conclusive character, but rather seeks to foreclose consideration of insurance reimbursements that the state courts are best positioned to address on an individual basis." [29]

## III. CONCLUSION

Because Excel cannot pursue a claim under the WCA independently of the processes set forth in the statute, and because there is no private right of action under the UIPA, Defendants' motion to dismiss will be granted.[30] An appropriate order will be entered.

---

[29] *State Farm Mut. Auto. Ins. Co. v. Lugiano*, No. 15-575, 2015 WL 8482800 (E.D. Pa. Dec. 10, 2015) (internal quotation marks and citation omitted). This is in accord with Pennsylvania law as well, which provides that "[w]hen a statute provides for an exclusive remedy which calls for specialized fact-finding and/or application of an agency's administrative expertise, declaratory relief is not properly granted. When, however, challenges— particularly constitutional challenges—are set forth questioning the *validity of a statute itself* or questioning the *scope* of a governmental body's action pursuant to statutory authority, then the Declaratory Judgments Act is properly invoked, because 'the existence of an alternative remedy shall not be a ground for refusal to proceed . . . .' Of course, even constitutional challenges to the validity of an agency's action must be pursued through the usual appellate process." *Blackwell v. Comm'r State Ethics Comm'n*, 556 A.2d 988, 991 (Pa. Commw. Ct. 1989) (quoting 42 Pa. C.S. § 7537; other citations omitted). Here, Plaintiff's complaints are directed to the actions of Liberty Mutual, not to the validity of the Commonwealth's processes.

[30] The Court does not reach Liberty Mutual's alternative argument regarding the doctrine of primary jurisdiction.